PER CURIAM:
On April 9, 1986, at about 10:00 a.m., the claimant was operating her 1979 AMC Spirit on the one-lane Everson Bridge, near Route 19, Marion County. Claimant had passed over the pothole, the existence of which was known to her. Upon seeing an oncoming vehicle on the one-lane bridge, she stopped and backed up and backed into the pothole, thus damaging her automobile. Damage to the vehicle amounted to $192.57. The claimant testified that she had travelled this bridge several times before the incident and was aware of the existence of the pothole. She was not able to state definitely that the hole had been present for the winter, but she could state that it had been in existence in March, the month before this incident.
*121 The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947) . In order for the respondent to be found liable for damages caused by the pothole, proof of actual or constructive notice must be shown. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). Constructive notice of the pothole was present in this case, but claimant's prior knowledge of the bridge makes her likewise negligent. Under the doctrine of comparative negligence, the Court is of the opinion that the claimant's negligence was equal to the respondent's and disallows the claim. Merrill v. Dept. of Highways, 15 Ct. Cl. 196 (1984).
Claim disallowed.